**Makky Prihandono SOEDJADI,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 06–72898.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 16, 2009.*

Filed July 6, 2009.

Rhys Matthew Farren, Esquire, Davis Wright Tremaine LLP, Bellevue, WA, for Petitioner.

Kathryn Deangelis, William C. Erb, Jr., Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Makky Prihandono Soedjadi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The record does not compel the conclusion that changed circumstances or extraordinary circumstances "directly related to the failure to meet the one-year deadline" excused the untimely filing of Soedjadi's asylum application. *See* 8 C.F.R.

§ 208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). The record also does not support Soedjadi's contention that the IJ applied an incorrect standard of proof when determining whether he had established changed or extraordinary circumstances. Accordingly, Soedjadi's asylum claim fails.

As to his withholding claim, substantial evidence supports the IJ's finding that the two attacks Soedjadi suffered in Indonesia did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). Substantial evidence further supports the IJ's denial of withholding of removal because Soedjadi submitted no evidence of individualized risk of future harm, and he has similarly-situated Christian family members who remain in Indonesia without incident. *See Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001). Further, the record does not establish that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Wakkary v. Holder*, 558 F.3d 1049, 1060–62 (9th Cir. 2009).

Soedjadi's contention that the BIA summarily affirmed the IJ's decision without making findings or conclusions is not supported by the record. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc) (where BIA cites *Matter of Burbano* and does not express disagreement with IJ's decision, BIA has independently reviewed record and adopted IJ's decision in its entirety).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.